UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CLARKSVILLE MINISTRIES, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TOWN OF CLARKSVILLE, INDIANA, ) <br> TOWN OF CLARKSVILLE BUILDING ) <br> COMMISSION, and ) <br> RICK BARR in his Official Capacity as the Town ) <br> of Clarksville's Building Commissioner, ) <br> ) <br> Defendants. ) | Case No. 4:21-cv-00135-TWP-DML |

**ENTRY ON PLAINTIFF'S EMERGENCY MOTION TO SHOW CAUSE,
TO MODIFY TEMPORARY RESTRAINING ORDER, AND FOR SANCTIONS**

This matter is before the Court on an Emergency Motion to Show Cause, to Modify Temporary Restraining Order, and for Sanctions filed by Plaintiff Clarksville Ministries, LLC ("CM") pursuant to Federal Rule of Civil Procedure, Local Rule 65-2(b), Federal Rule of Civil Procedure 60, and the Court's inherent authority (Filing No. 26). CM contends that Defendants Town of Clarksville, Indiana; Town of Clarksville Building Department; and Rick Barr, in his Official Capacity as the Town of Clarksville's Building Commissioner (collectively, the "Town") violated "both the terms and spirit" of the Court's earlier entry docketed at 4:09 p.m. on September 7, 2021, requiring the Town to issue CM a temporary Adult Business License ("ABL") upon completion of a few prerequisite tasks. *Id.* at 3. While the Town indeed complied with this entry by issuing the temporary ABL to CM that same day at 6:39 p.m. (after CM successfully completed its ABL application) (Filing No. 27-1 at 20), the Town issued a "Final Denial" through Defendant Barr as Building Commissioner five minutes later at 6:44 p.m., noting that "as of the time of issuance of this denial letter, [CM's] temporary adult business license has expired." *Id.* at 21, 23.

CM argues the Town's actions were "done in order to concoct and execute a scheme to undermine the Court's order and narrow the time between the issuance of the temporary ABL and the Town Council meeting at which the Town was poised to adopt an ordinance directed at disqualifying CM's Property for the operation of an Adult Business." *Id*. at 1.

A careful reading of the Clarksville Zoning Ordinance ("Zoning Ordinance") reveals that Defendant Barr did not possess the authority to issue a "final denial" as to CM's ABL application. Zoning Ordinance § 60-80(A) provides that "[w]ithin twenty (20) days after the receipt of a completed application, the Enforcement Officer shall either issue a license, or issue a written notice of intent to deny a license to the applicant." ([Filing No. 1-3 at 7](Filing No. 1-3 at 7).) The Enforcement Officer (*i.e.*, the Building Commissioner) has two—and only two—compulsory options upon reviewing an ABL application: either (1) issue an ABL or (2) issue a written *notice of intent* to deny the ABL. *Id.* If the Enforcement Officer issues the latter, Zoning Ordinance § 60-130(A) instructs that

> [w]ithin five (5) business days following receipt of any such notice, the respondent may provide the Town Council, by personal delivery or certified mail with return receipt requested, to the Town Clerk-Treasurer, *a written appeal* that shall include a statement of reasons *why the license or permit should not be denied*, suspended, or revoked. Within three (3) business days following the receipt of respondent's written response, the Town Council shall notify respondent in writing of the hearing date on respondent's appeal of the license denial, suspension, or revocation.

*Id.* at 9 (emphases added). From there, Zoning Ordinance § 60-130(B) explains that

> [w]ithin ten (10) business days following the receipt of respondent's written response, the Town Council *shall conduct a hearing*, at which respondent shall have the opportunity to be represented by counsel and present evidence and witnesses on respondent's behalf. If a response is not received by the Town Council in the time stated, or if after the hearing a majority of the Town Council finds that sufficient grounds as specified in this Division 60 exist to support the denial, suspension, or revocation of the license, the Town Council shall issue a written notice to the respondent by certified mail with return receipt requested, within five (5) business days following the hearing that *the denial, suspension, or revocation of the license is final*. Such notice shall include a statement advising the respondent of the right to judicial review of the *Town Council's final official action* pursuant to applicable Indiana law.

2

*Id.* (emphases added). In turn, Zoning Ordinance § 60-130(D) provides that

> [w]hen a respondent files an action in a court of competent jurisdiction seeking judicial review *of the final denial*, suspension, or revocation of a license, subsequent to notice and hearing held in accordance with this Section 60-110, the Town *shall immediately issue the respondent a provisional license*. The provisional license shall allow the respondent to continue operation of the Adult Business or to continue employment as an Adult Business employee, as the case may be, and will expire upon the court's entry of a final and appealable judgment on the respondent's claims.

*Id.* (emphases added). In sum, when an Enforcement Officers decides that an ABL application should be denied, she or he can issue a "written notice of intent to deny" the license. Upon receipt of this notice, an ABL applicant can "appeal" to the Town Council. After a hearing, the Town Council issues a "final official action," positive or negative, regarding the ABL. Following a "final denial," an ABL applicant may next seek "judicial review," at which time the Town "shall immediately" issue a "provisional license." *Id.* at 7, 9.

Here, Defendant Barr issued to CM what he called "Enforcement Officer's Final Denial of 2021 Adult Business License Application." ([Filing No. 27-1 at 23](#).) But, as outlined above, the Zoning Ordinance charges the *Town Council* with issuing a "final denial." An Enforcement Officer, such as Defendant Barr, may only issue a "notice of intent to deny" an ABL. Though Zoning Ordinance § 60-80(A) states that a "temporary license shall expire upon *the final decision of the Enforcement Officer* to deny or grant the license" (emphasis added), harmony in the ordinance scheme demands that this action refers to finalization of an Enforcement Officer's preliminary assessment by the Town Council. The remainder of the Zoning Ordinance 's structure plainly contemplates the Town Council as the final arbiter of ABL licensing decisions. Moreover, Zoning Ordinance § 60-130(A)'s instruction to include in the "appeal" to the Town Council "a statement of reasons why the license or permit *should not be denied*"—instead of "should not *have been denied*"—implies that, at the time of Town Council review of the application, no final

decision has been reached regarding an ABL's issuance. And Zoning Ordinance § 60-80(A), of course, expressly limits an Enforcement Officer to issue two types of documents upon review of an application, neither of which includes a final denial.

Importantly, the text of the Zoning Ordinance indicates that a temporary ABL expires only upon (1) the Town Council finalizing the Enforcement Officer's denial or (2) an ABL applicant's failure to timely "appeal" to the Town Council. Defendant Barr, then, lacked the authority to issue a "Final Denial" of CM's ABL application (revoking its temporary ABL); that power rests solely with the Town Council, which, under the Zoning Ordinance, may only issue this adverse decision following, among other things, a hearing. Accordingly, the temporary ABL issued to CM at 6:39 p.m. on September 7, 2021, is still in effect as Defendant Barr's letter must, under the Zoning Ordinance, be construed as a notice of intent to deny CM's ABL application.

The Court grants the Emergency Motion in part, and the Town is enjoined from issuing any citations against CM's business operations regarding any purported licensing violation, pending any proceedings before the Town Council on "appeal" and/or judicial review of the application (at which time a provisional license would be issued).

Because the Town has violated both the text and spirit of the TRO, CM argues the Court should hold the Town in contempt, order it to show cause why sanctions should not be imposed and access attorney fees against them. The Court's civil contempt power rests in its inherent authority to enforce compliance with its orders. *Jones v. Lincoln Electric Co.*, 188 F.3d 709, 737 (7th Cir. 1999). CM points out that the remedies requested should account for the nature of the harm caused by the contempt and be tailored to coerce compliance rather than punish. See *PETA, Inc. v. Wildlife in Need and Wildlife in Deed, Inc.*, No. 4:17-cv-00186-RLY-DML, 2019 WL 2028719 (S.D. Ind. March 27, 2019). For now, the Court declines to issue sanctions and fees. The

Court chooses to believe that the Town's actions were inadvertent, and they will fully comply with this Order so as not to be ordered it to show cause why sanctions should not be imposed upon them, or they should not be held in contempt, or required to pay attorney fees and costs related to CM's Motion.

For the reasons discussed above, the CM's Emergency Motion to Show Cause, to Modify Temporary Restraining Order, and for Sanctions is **GRANTED in part and DENIED in part** ([Filing No. 26](#)). The Motion is **GRANTED** in that the temporary ABL issued to CM at 6:39 p.m. on September 7, 2021, is still in effect as Defendant Barr's letter must, under the Zoning Ordinance, be construed as a notice of intent to deny CM's ABL application. The Town is enjoined from issuing any citations against CM's business operations regarding any purported licensing violation, pending any proceedings before the Town Council on "appeal" and/or judicial review of the application. The Motion is **DENIED** in that the Court declines (for now) to hold the Town in contempt, order them to show cause why sanctions should not be imposed or to access attorney fees against them.

**SO ORDERED.**

Date:   9/14/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Grace B. Atwater
KAMMEN & MOUDY
grace@kammenlaw.com

Scott D. Bergthold
LAW OFFICE OF SCOTT D. BERGTHOLD PLLC
sbergthold@sdblawfirm.com

Charles Gregory Fifer
APPLEGATE FIFER PULLIAM LLC
gfifer@afpfirm.com

Matthew J. Hoffer
SHAFER & ASSOCIATES, P.C.
matt@bradshaferlaw.com

Joshua S. Moudy
KAMMEN & MOUDY
josh@kammenlaw.com