# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| CLARKSVILLE MINISTRIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-00135-TWP-DML |
| ) | |
| TOWN OF CLARKSVILLE, INDIANA, ) | |
| TOWN OF CLARKSVILLE BUILDING ) | |
| COMMISSION, and ) | |
| RICK BARR in his Official Capacity as the Town ) | |
| of Clarksville's Building Commissioner, ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON DEFENDANTS' EMERGENCY MOTION TO ALTER OR AMEND SEPTEMBER 14, 2021 ORDER

This matter is before the Court on an Emergency Motion to Alter or Amend September 14, 2021 Order filed by Defendants Town of Clarksville, Indiana; Town of Clarksville Building Department; and Rick Barr, in his Official Capacity as the Town of Clarksville's Building Commissioner (collectively, the "Town") (Filing No. 30). The Town requests that the Court clarify/amend its September 14, 2021 Entry on Plaintiff Clarksville Ministries, LLC's ("CM") Emergency Motion to Show Cause, to Modify Temporary Restraining Order, and for Sanctions (Filing No. 28) in two respects.

First, the Town asks that the Court clarify the following sentence: "Because the Town has violated both the text and spirit of the TRO, CM argues the Court should hold the Town in contempt, order it to show cause why sanctions should not be imposed and access attorney fees against them." *Id.* at 4. The Town contends that this sentence seemingly conflicts with other findings of the Court that the Town complied with the TRO. *See id.* at 1 ("While the Town indeed complied with this entry by issuing the temporary ABL to CM . . . ."). The Court can see the

Town's point, and the first sentence of the last paragraph on page 4 of the Court's September 14, 2021 Entry is now amended to read:

> CM argues that because the Town, in CM's view, has violated both the text and spirit of the TRO, the Court should hold the Town in contempt, order it to show cause why sanctions should not be imposed and access attorney fees against them.

This clarification should now unmistakably reflect that the Court is simply "referring to the position advanced by CM." (Filing No. 31 at 3.)

Second, the Town requests that the Court "clarify that the September 14 Order enjoins enforcement of only those provisions of law which have actually been challenged in this case (and thus brought within the Court's jurisdiction), briefed on CM's motions for TRO, and considered by the Court." *Id.* at 6. Specifically, the Town maintains that "CM is not entitled to an injunction against the Chapter 117 regulations." *Id.* at 5. This argument—that CM is ostensibly foreclosed from operating if Chapter 117 is enforced against it (*see* Filing No. 30-2 at 13 (requiring sexually oriented businesses and their employees to have a license "issued under this chapter"))—has not previously been brought before the Court. CM has filed a notice that it will file a response by the end of the day, September 16, 2021. The Court grants CM until **Monday, September 20, 2021**, to file a response to the Town's contention argued in Section II of its brief (*see* Filing No. 31 at 3–6).

**SO ORDERED.**

Date: 9/16/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Grace B. Atwater
KAMMEN & MOUDY
grace@kammenlaw.com

Scott D. Bergthold
LAW OFFICE OF SCOTT D. BERGTHOLD PLLC
sbergthold@sdblawfirm.com

Charles Gregory Fifer
APPLEGATE FIFER PULLIAM LLC
gfifer@afpfirm.com

Matthew J. Hoffer
SHAFER & ASSOCIATES, P.C.
matt@bradshaferlaw.com

Joshua S. Moudy
KAMMEN & MOUDY
josh@kammenlaw.com

Zachary Michael Youngsma
Shafer & Associates, P.C.
zack@bradshaferlaw.com